## REUBEN BAGLEY *vs.* WILLIAM BAILEY.

Where an equity of redemption is seized on execution, the subsequent proceedings necessary to make the levy available, have reference to the time of seizure.

If one officer commence the levy of an execution by seizing an equity of redemption, and on the same day another officer commence the extent of an execution on land, no time of day being fixed by either, the court will not construe the extent to be prior to the levy.

The mode of proceeding to satisfy an execution, whether by levying on the right of redeeming mortgaged premises, or extending upon the land by appraisement, must be determined by the state of the title *at the time of the seizure on execution.*

The discharge of the mortgage, subsequent to the seizure of the equity on execution and prior to the day fixed for the sale, does not take away the right to sell the equity.

A sale of an equity of redemption may be good, although the time of sale be fixed more than thirty days after seizure on execution and notice thereof.

WRIT of entry. The demandant claimed under a deed from *Nathaniel Harlow* and *Mary Parker,* dated *May* 14, 1829, acknowledged, *June* 6, 1831, and recorded *March* 11, 1833. The tenant then read in evidence, a mortgage deed from *Bagley* to *Harlow* and *Parker,* of the same date of the first to secure the purchase money, but not acknowledged or recorded. Also a judgment in favor of one *Hazletine* against the demandant at the *Oct. Term,* C. C. Pleas, 1831, an execution duly issued thereon, and proof that it was given to an officer within thirty days of the judgment, *Nov.* 12, 1831, the equity of redemption having been attached on the writ, *Dec.* 24, 1830. By the officer's return, it appeared, that on *Nov.* 12, 1831, he seized the equity on the execution, and advertised the same for sale, to be sold on *Dec.* 26, 1831, and that on that day he sold the same to one *McDougal,* and gave a deed thereof to him. He also produced the officer's deed to *McDougal,* and a deed thereof from the latter to him, dated *Feb.* 11, 1835. The demandant then produced evidence, that the notes of *Harlow* and *Parker* against him had been put in suit, judgment recovered against him thereon at the same *Oct. Term,* C. C. Pleas, 1831, an execution issued thereon, and that the same was duly satisfied by an extent on other lands of the demandant on the same

12th of *Nov.* 1831. No time of the day on which the transactions took place was mentioned in any of the proceedings. The officer's return is dated *Nov.* 12, 1831, and he states, that he gave the notice to the debtor, and posted them up, more than thirty days before the day of sale, but does not state, that the same was done within thirty days of the judgment, unless by reference to his date at the commencement of his proceedings. The Court were to enter a nonsuit, or default, as their opinion should be.

*Cutting*, for the demandant, argued —

1. The mortgage having been discharged before the sale, nothing passed by virtue of it. There should have been a levy on the premises and not a sale of the equity. *Stat.* 1821, *c.* 60, *s.* 1 ; *Bullard* v. *Hinckley*, 5 *Greenl.* 272; *Freeman* v. *McGaw*, 15 *Pick.* 84; *Forrester* v. *Mellen*, 10 *Mass. R.* 421; *Chickering* v. *Lovejoy*, 13 *Mass. R.* 51.—2. No title passed to *McDougal* by the officer's sale of the equity and deed. Unless the return shows every essential requisite of the statute complied with, the sale is void. *Davis* v. *Maynard*, 9 *Mass. R.* 247. Here it does not appear, that the notice was given to the debtor, or the notices posted up, within thirty days of the time of judgment, to hold the equity on the attachment. *Stat.* 1821, *c.* 60, *s.* 17.—3. The attachment was lost, because the sale was more than sixty days after judgment, which cannot be done but by adjournment.

*Abbott* argued for the tenant. The mortgage deed, though not acknowledged or recorded, is good against the demandant, who was the grantor. *St.* 1821, *c.* 36, § 1 ; *Marshall* v. *Fisk*, 6 *Mass. R.* 30. As no time of day is fixed by either officer, in selling the equity and in levying the execution, they must be considered as commencing simultaneously; and if so, the sale was good, as the mortgage was then subsisting. 14 *Pick.* 414; 13 *Mass. R.* 529. The seizure alone would not discharge the mortgage. *Chandler* v. *Furbish*, 8 *Greenl.* 410; *Ladd* v. *Blunt*, 4 *Mass. R.* 402. If the succeeding acts of the officer making the levy, relate back to the time of seizure, so do all the acts of the officer, selling the equity. If, at that time, the mortgage was subsisting, he must sell the equity, and no after transactions of others could alter the rights acquired.

The opinion of the Court was drawn up by

WESTON C. J. — Although the deed of mortgage, given by the demandant to *Nathaniel Harlow* and *Mary Parker*, was neither acknowledged nor recorded, it was good against the demandant and his heirs. *Stat.* 1821, *c.* 36. On the twelfth of *Nov.* 1831, they were seized of the demanded premises in fee and in mortgage, the equity of redemption remaining in the demandant. On that day, *Hazeltine*, his judgment creditor, caused his execution to be levied on the equity then existing, and liable to be taken to satisfy the same. The subsequent proceedings, necessary to make the levy available, have reference to that day, and depend upon the state of the title, as it then existed. The demandant would defeat the title under the levy, by showing the mortgage discharged. He proved that on the day of the levy, the debt, for which the premises were pledged, was paid by an extent upon other land. There is nothing in the evidence, by which that extent appears to have been prior to the levy ; and there is no equitable consideration, which requires that it should have precedence by construction. The rights of the creditor are not to be defeated by transactions, to which he was not privy, and which were not consummated prior to his levy.

The *stat.* of 1821, *c.* 60, *sec.* 1, has made provision, that where mortgaged premises have been attached upon mesne process, and pending the attachment, they are redeemed by the mortgagor, the lien of the creditor shall attach to the fee, and the execution be levied accordingly. This assumes, that the mortgage has been extinguished prior to the levy. How the execution shall be levied, whether upon the fee, or upon the equity, depends upon the facts, as they exist, when the levy is commenced. If it were otherwise, the debtor might defeat the creditor, by secretly paying the mortgagee on the day of the levy, of which neither would be legally bound to give notice to the creditor.

It is however insisted, that whatever may have been the state of things, at the commencement of the levy, the mortgage was extinguished before the actual sale of the equity, and that this course of proceeding was therefore not warranted by law. In *Bullard* v. *Hinkley*, 5 *Greenl.* 272, the point decided was, that the deed relied upon, as an extinguishment of the mortgage, could not have

Bagley *v.* Bailey.

that effect, not having been delivered, until after the sale of the equity; although it is intimated by the late Chief Justice, that it might have been otherwise, if it had been delivered before. In *Freeman & al.* v. *McGaw & al.* 15 *Pick.* 82, *Shaw C. J.* was of opinion, that the mode of levying an execution, must depend upon the debtor's title at the time of the levy. And upon consideration, we are of opinion, that no act of the mortgagee, or of the debtor, can defeat the right of the creditor to sell the equity as such, after he has once seized it on execution.

If the sale of the equity is no longer lawful, if the mortgage is paid at any time before the day of sale, intervening attachments or conveyances may be let in, to the prejudice of the creditor. The day appointed for the sale is often sixty days, and may be more, after judgment. The lien is preserved and extended to the fee, only when the premises are redeemed, pending the attachment on mesne process, and prior to the levy. If payment after the seizure would have the effect contended for, the lien of the creditor might be destroyed by the act of others, and that notwithstanding the utmost vigilance on his part. Nor would a construction, which refers the rights of the creditor to the time of the levy, operate oppressively upon the debtor, if the mortgage is paid prior to the sale. He has a year, within which to redeem his land, if it has been sold for less than its value.

A sale of the equity on the 24th of *December*, is perfectly consistent with a seizure of the same, under the execution, on the 12th of the preceding *November*. The officer is to give public notice of the time and place of sale, and also to the debtor, at least thirty days before the time appointed. There is nothing however which forbids his giving notice a much longer period, before the day. It is true, that to preserve the lien, created by the attachment on mesne process, the notice must be given within thirty days after the judgment. From the return of the officer on the execution, this may or may not have been done. If this were a question between an intervening grantee or attaching creditor and the tenant, it might deserve consideration, whether it should not appear affirmatively, that such notice was given; but we do not hold this to be necessary between the demandant, the debtor, and a purchaser of the equity.

*Demandant nonsuit.*